# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MACK, | CASE NO. 1:04-cv-5787-LJO-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION TO RECONSIDER |
| v. | |
| M K WITCHER, et al., | (ECF No. 27) |
| Defendants. | PLAINTIFF'S AMENDED COMPLAINT DUE MAY 25, 2011 |

Plaintiff Anthony Mack ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 7, 2011, the Court screened Plaintiff's First Amended Complaint and found that its length and the rambling nature of its allegations violated Rules 8(a) and 18(a). The Court observed that it appeared likely Plaintiff could state a claim for retaliation but that "the sheer number and collective pleading of Plaintiff's complaint make[s] it impossible for the Court to determine whether any one set of facts/circumstances/events/complaints meets all five criteria." (ECF No. 24 at 15.) The Court granted Plaintiff leave to file an amended complaint and set forth specific directions as to how Plaintiff should organize his claims. The Court advised Plaintiff that it would not tolerate another rambling time-line of events.

Plaintiff now moves the Court to reconsider its Screening Order.  (ECF No. 27.)

Plaintiff claims that amendment of his complaint is not required because the Court found his earlier complaint stated a claim.  The Court did not find that the First Amended Complaint stated a claim.  The Court thought it possible Plaintiff could state a claim, but pointed out that the disorganized state of the pleading made it impossible to determine whether all elements of a retaliation claim had been pled.  The Court also found that the First Amended Complaint substantially violated Rule 8(a).  As such, Plaintiff's contention that amendment is not required is incorrect.  He has not stated a claim.

Plaintiff also alleges that the Court imposed a heightened pleading requirement on him when it directed him to organize his amended complaint in a certain manner.  Plaintiff is incorrect.  The Court provided guidance as to how his complaint should be organized so the Court could determine if it stated a claim. The Court undertook to assist Plaintiff in meeting the normal pleading requirement; it did not impose a heightened requirement. Indeed Plaintiff is free to disregard the Court's guidance; however, if he chooses to do so, he will do so at his own peril.

Regardless, "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Plaintiff has failed to

meet this standard.

Accordingly, Plaintiff's Motion to Reconsider is DENIED. Plaintiff's second amended complaint shall be filed by **May 25, 2011**. Failure to meet this deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   April 26, 2011                         /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE