UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MACK,<br><br>    Plaintiff,<br><br>  v.<br><br>M K WITCHER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.   1:04-cv-05787-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A STAY<br><br>(ECF No. 29)<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT DUE BY SEPTEMBER 12, 2011 |

Plaintiff Anthony E. Mack ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 23, 2009, Plaintiff filed his First Amended Complaint. (Am. Compl., ECF No. 22.) On February 7, 2011, the Court dismissed the First Amended Complaint with leave to amend. (Order, ECF No. 24.) On April 4, 2011, Plaintiff filed a Motion to Reconsider the Court's Order (ECF No. 27); it was denied (Order, ECF No. 28). Plaintiff was ordered to file his Second Amended Complaint by May 25, 2011. (Id.) On May 25, 2011, Plaintiff instead filed a Motion to Stay these Proceedings on the grounds that he could not access the prison's law library. (ECF No. 29.) Plaintiff alleges that he has been denied access to the prison's law library since either March 4, May 19, or May 20, 2011,[1] and requests that the Court stay this matter and temporarily postpone any pending matters. (Id.)

It is Plaintiff's Motion to Stay the Proceedings which is currently before the Court.

---

[1] Plaintiff is unclear on the exact date when he was banned from the prison's law library. He makes reference to several dates, but does not clearly state when he was initially denied access to the prison's law library. (Mot., ECF No. 29.)

The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North America Co., 299 U.S. 248, 254-55, 57 S.Ct. 163 (1936). In this regard, "the proponent of the stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706, 117 S.Ct. 1636 (1997).

In his Motion to Stay the Proceedings, Plaintiff states that he was banned from the prison's law library from somewhere between March 4 and May 20, 2011 to the present, and he asks for relief from pending matters. (ECF No. 29.) Plaintiff specifically requests relief from the April 27, 2011 Order, in which the Court ordered Plaintiff to file his Second Amended Complaint by May 25, 2011. (Id.; ECF No. 28.)

During the period Plaintiff alleges that he has been denied library access, he has chosen to file additional motions with the Court rather than file a Second Amended Complaint. Plaintiff filed a Motion to Reconsider on April 4, 2011 (ECF No. 27), which was denied on April 27, 2011 (ECF No. 28). Plaintiff was ordered to file his Second Amended Complaint by May 25, 2011. (Id.) Again, instead of filing his Second Amended Complaint, Plaintiff filed the current Motion before the Court.

Thus, despite alleged denial of access to the prison's law library, Plaintiff had the time and ability to file motions with the Court; that time and ability could have been used to file a Second Amended Complaint by the May 25, 2011 deadline. Plaintiff has not established the need for a stay in this action. Plaintiff will, nevertheless, be given one last opportunity to file a Second Amended Complaint. Failure to meet this extended deadline may result in dismissal of this action.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Stay the Proceedings be **DENIED**; and

2.   Plaintiff is to file a Second Amended Complaint by **September 12, 2011**.

IT IS SO ORDERED.

Dated:   August 10, 2011                         /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE