# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY E. MACK,<br><br>    Plaintiff,<br><br>    v.<br><br>M K WITCHER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:04-cv-5787-LJO-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 30)<br><br>PLAINTIFF MUST FILE AMENDED COMPLAINT BY NOVEMBER 7, 2011 |

    Plaintiff Anthony E. Mack ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On August 10, 2011, the Court issued an Order denying Plaintiff's Motion for a Stay, and ordering Plaintiff to file a Second Amended Complaint by September 12, 2011. (Order, ECF No. 30.) Prior to Plaintiff's Motion for a Stay, the Court had screened Plaintiff's Complaint, found that it failed to state a cognizable claim, and gave Plaintiff leave to amend. (Order, ECF No. 24.) The September 12, 2011 deadline has passed, and Plaintiff has not filed a Second Amended Complaint or a request for an extension.

    Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose

sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's August 10, 2011 Order, even though the September 12, 2011 deadline contained in the Order has passed.  (Order, ECF No. 30.)  Accordingly, Plaintiff shall file a Second Amended Complaint no later than **November 7, 2011,** or show cause as to why his case should not be dismissed for failure to comply with a Court order and failure to state a claim.  Plaintiff is hereby on notice that failure to meet this deadline will result in dismissal of this action for failure to prosecute.

IT IS SO ORDERED.

Dated:   October 23, 2011          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE