1

2

3

4                      UNITED STATES DISTRICT COURT

5                        EASTERN DISTRICT OF CALIFORNIA

6

7    ANTHONY E. MACK ,                    1:04-cv-05787-LJO-MJS (PC)

8              Plaintiff,                  FINDINGS AND RECOMMENDATION
                                           FOR DISMISSAL OF PLAINTIFF'S
9        v.                                COMPLAINT

10   M K WITCHER, et al.,                  (ECF No. 31)

11             Defendants.                 FOURTEEN DAY DEADLINE

12

13   _____/

14        Plaintiff Anthony E. Mack ("Plaintiff") is a state prisoner proceeding pro se in a civil

15   rights action pursuant to 42 U.S.C. § 1983.

16        On October 24, 2011, the Court issued an Order to Show Cause Why the Case

17   Should Not be Dismissed for Failure to Comply with a Court Order and ordered Plaintiff

18   to file a second amended complaint by November 7, 2011.  (ECF No. 31.)  The

19   November 7, 2011 deadline has passed and Plaintiff has not filed a second amended

20   complaint or otherwise responded to the Court's Order.

21        Local Rule 110 provides that "failure of counsel or of a party to comply with these

22   Rules or with any order of the Court may be grounds for imposition by the Court of any

23   and all sanctions . . . within the inherent power of the Court."  District courts have the

24   inherent power to control their dockets and "in the exercise of that power, they may

25   impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v.

26   Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with

27   prejudice, based on a party's failure to prosecute an action, failure to obey a court order,

28   or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th

     Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a Court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's Order expressly stated: "Plaintiff is hereby on notice that failure to meet this deadline will result in dismissal of this action for failure to prosecute." (Order, ECF No. 31.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order.

-2-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Accordingly, it is **RECOMMENDED** that in the event that Plaintiff does not file a second amended complaint within **fourteen (14) days** of entry of this Order, this matter be **DISMISSED by the District Judge**.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     November 21, 2011          /s/ _Michael J. Seng_
                                     UNITED STATES MAGISTRATE JUDGE